UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN OATES,

        Plaintiff,

v.

BEAUMONT HEALTH SYSTEM,

        Defendant.

_____/

Jennifer L. Lord (P46912)
PITT, MCGEHEE, PALMER & RIVERS
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
248-398-9800
248-398-9804 (fax)
jlord@pittlawpc.com
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES the plaintiff, Lauren Oates, by her attorneys, PITT, MCGEHEE, PALMER & RIVERS, and states for her complaint as follows:

**PARTIES, JURISDICTION and VENUE**

1.      Plaintiff, Lauren Oates is a resident of Oakland County, Michigan.

2.      Defendant Beaumont Health System ("Defendant") is located and

established in this judicial district.

3.      All of the events in controversy occurred in this judicial district.

4.      The Defendant operates its business in this judicial district.

5.      The Court has subject matter jurisdiction over Plaintiff's ADA claims pursuant to 28 USC§ 1331 because they arise under federal law.

6.      The Court has supplemental jurisdiction over Plaintiff's Michigan Persons with Disabilities Act claims because the claims arise out of the same set of facts as Plaintiff's federal claims, such that all claims form part of the same claim or controversy.

7.      Plaintiff has exhausted all agency requirements prior to bringing this action and has filed this action within 90 days of her receipt of the EEOC Right to Sue Letter.

## STATEMENT OF FACTS

8.      Plaintiff Lauren Oates began her employment with Defendant in October 2014 as a Nurse Educator in Perianesthia Services.

9.      Plaintiff's job performance was excellent.

10.     In April 2015, plaintiff suffered from a seizure at work.

11.     She began treating with a neurologist who diagnosed her with Myclonus epilepsy.

12.     Plaintiff's physician took her off work while she was adjusting to

her new medication regime.

13.     Plaintiff returned to work in June 8, 2015.

14.     On August 10, 2015, plaintiff suffered another seizure at work.

15.     Plaintiff's physician took her off of work, again to allow her to adjust to her new seizure medications.

16.     On August 21, 2015, while on medical leave, Defendant advised plaintiff that it intended to fill her positon.

17.     Defendant did not terminate Plaintiff on August 21, 2015.

18.     Plaintiff was cleared to return to work on October 2, 2015.

19.     Defendant filled Plaintiff's position while she was on medical leave.

20.     On or about October 5, 2015, Defendant placed Plaintiff on a 90 day layoff during which time she could interview for open positions in order to remain employed.

21.     Plaintiff's counterpart resigned on September 25, 2015, and that position remained open.

22.     Defendant refused to place Plaintiff in the open position.

23.     Plaintiff applied to multiple open positons for which she was qualified.

24.     She was not selected for any of the positions.

3

25.     A manager in another department asked Plaintiff if she would work in her department.

26.     Plaintiff timely applied for that position.

27.     A member of the Human Resources department told the manager that they had "lost" Plaintiff's application.

28.     Defendant pre-screened Plaintiff from that job, despite the fact that the hiring manager wanted to hire Plaintiff.

29.     Defendant ultimately terminated Plaintiff's employment.

30.     Defendant made false representations to the Equal Employment Opportunity Commission, including stating that Plaintiff was a "no call" for several interviews. Plaintiff never received an interview for any of the positons to which she applied.

## COUNT I:  ADA VIOLATION-DISCRIMINATION

31.     Plaintiff incorporates the above allegations by reference.

32.     Plaintiff was an employee and Defendant was an employer as defined by the ADA.

33.     Plaintiff is a qualified individual with a disability, Myclonus epilepsy.

34.     With or without accommodation, Plaintiff could perform the essential functions of her job.

35.     Defendant was under a statutory obligation to refrain from discriminating against Plaintiff because she had a protected disability.

36.     Defendant violated the ADA when it forced Plaintiff on a layoff and refused to hire her to open positions for which she was qualified.

## COUNT II

### VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

37.     Plaintiff incorporates the above allegations by reference.

38.     Plaintiff was an employee and Defendant was an employer as defined by the Michigan Persons With Disabilities Civil Rights Act ("MPWDCRA").

39.     Plaintiff is a qualified individual with a disability, Myclonus epilepsy.

40.     With or without accommodation, Plaintiff could perform the essential functions of her job.

41.     Defendant was under a statutory obligation to refrain from discriminating against Plaintiff because she had a protected disability.

42.     Defendant violated the MPWDCRA when it forced Plaintiff on a layoff and refused to hire her to open positions for which she was qualified.

**ADVERSE EMPLOYMENT ACTION AND DAMAGES AS TO ALL COUNTS**

43.     Defendant forced plaintiff on a 60 day layoff.

44.     Defendant refused to hire Plaintiff in open positions for which she was qualified.

45.     Defendant ultimately terminated Plaintiff's employment.

46.     As a result of Defendant's unlawful disability discrimination and Plaintiff has and will continue to experience a profound loss of income from lost wages and benefits and non-economic damages such as humiliation, embarrassment, mental anguish and loss of reputation.

47.     Defendant's conduct was willful, entitling Plaintiff to punitive damages as provided for in the ADA.

**RELIEF REQUESTED**

Plaintiff requests that the court:

a.     Order her reinstated to her former position or comparable position;

b.     Order that she be awarded compensation her for economic and non-economic losses, attorney fees, and litigation costs.

c.     Order that she awarded punitive damages for the Defendant's willful violation of her federally protected civil; rights;

6

d.      Order such other relief that the court deems appropriate.


**PITT, MCGEHEE, PALMER & RIVERS, P.C.**

BY:     /s/ Jennifer L. Lord
        Jennifer Lord P46912
        Attorneys for Plaintiff
        117 West Fourth Street, Suite 200
        Royal Oak, MI 48067
        (248) 398-9800


Dated:   May 8, 2017


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all of the facts and issues involved in this matter and has paid the appropriate jury fee for same.

Respectfully submitted,

**PITT, MCGEHEE, PALMER & RIVERS, P.C.**


By:     /s/Jennifer L. Lord
        Jennifer L. Lord (P46912)
        Attorneys for Plaintiff
        117 W. Fourth Street, Suite 200
        Royal Oak, MI 48067
        Tel: (248) 398-9800
        Fax: (248) 398-9804


Dated: May 8, 2017

7